FILED
U.S. DISTRICT
DISTRICT COURT
2012 FEB -1 P 12: 32
CLERK'S OFFICE
AT BALTIMORE
BY____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH BASS,

v.

UNITED STATES OF AMERICA

Civil No. RDB-10-0785

Criminal No. RDB-08-0496

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On March 29, 2010, Kenneth Bass ("Bass") filed the pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1). Bass challenges the sentence of 195 months that this Court imposed on March 27, 2009 on the ground that he received ineffective assistance of counsel. Specifically, Bass claims that his attorney failed to follow-up with him regarding an appeal, and gave him faulty legal advice. On June 7, 2010, the government filed a response in opposition to Petitioner's § 2255 Motion, to which Petitioner replied on June 21, 2010. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons set forth below, Petitioner's motion is GRANTED IN PART as to his claim that defense counsel failed to consult with him about an appeal, and is DENIED without prejudice as to the remainder of the claims asserted.

## BACKGROUND

On January 13, 2009, Bass pled guilty to Counts One and Three of the indictment, which charged him with conspiracy to distribute and possess five hundred grams or more of cocaine, and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). The Probation Officer determined that the applicable guideline range under the federal sentencing guidelines was an adjusted offense level of 31 and a criminal history category of III, resulting in

1

aسentencing range of 135-168 months imprisonment on Count One and a 60 month consecutive sentence for Count Three. Neither party objected to the presentence report and the case proceeded to sentencing on March 27, 2009. Bass was sentenced to a total term of 195 months imprisonment, consisting of 135 months on Count One and 60 months consecutive on Count Three on March 27, 2009. In March 2010, Bass filed the instant Motion, in which he asserts that he was denied his right to appeal and that he received ineffective assistance of counsel.

## ANALYSIS

Bass asserts that his counsel was ineffective in three ways. First, Bass claims that his attorney, Warren Brown ("Brown"), failed to argue that the mandatory minimum consecutive sentence for Count Three did not apply because Bass was convicted on Count One. Second, Bass claims that Brown failed to argue that Bass should have only been sentenced based on the powder cocaine that was actually seized from his car, rather than the crack-cocaine and larger amount of drugs he conspired with his co-defendant, Garry Lamont White, Sr., to distribute. Third, Bass alleges that Brown failed to consult with him about an appeal, which Bass alleges is a violation of this Court's order during sentencing and the Fourth Circuit's decision in *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007).

*I.     Applicable Law*

A claim of defense counsel's failure to file an appeal is treated like an ineffective assistance of counsel claim, which requires that a petitioner satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The first, or "performance" prong, of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts observe a strong presumption

that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second, or "prejudice" prong, requires that defendant demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

In instances dealing specifically with defense counsel's failure to file an appeal, a defendant is required to prove that (1) counsel was ineffective and that (2) "but for counsel's ineffectiveness, an appeal would have been filed." *United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000). The United States Supreme Court has held that an attorney who disregards a defendant's specific request for an appeal "acts in a manner that is professionally unreasonable," *Flores-Ortega*, 528 U.S. at 477, and that defense counsel may be deemed per se ineffective if an appeal is not filed in response to a petitioner's express request. *Phillpots v. United States*, 2010 U.S. Dist. LEXIS 22672, at *8 (D. Md. Mar. 11, 2010). In addition, courts are mindful that the potential merit of an appeal is irrelevant and the presence of an appeal waiver in a plea agreement does not preclude a petitioner's right to appeal. *Id.*; *see also United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007) (holding that an attorney's assistance is ineffective if he disregards his client's instruction to file an appeal even though the client may have already waived his appeal rights). The Fourth Circuit, along with four other circuits, has held that this per se rule applies even in situations where filing an appeal would be contrary to the plea agreement and harmful to the client's interest. *See United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007); *Campusano v. United States*, 442 F.3d 770, 772-77 (2d Cir. 2006); *United States v. Sandoval-Lopez*, 409 F.3d at 1195-99 (9th Cir. 2005); *Gomez-Diaz v. United States*, 433 F.3d 788, 791-94 (11th Cir. 2005); *United States v. Garrett*, 402 F.3d 1262, 1265-67 (10th Cir. 2005).

It is no longer the case that counsel must *always* consult with a defendant regarding an appeal. *Flores-Ortega*, 528 U.S. at 480. Instead, defense counsel is constitutionally required to consult with a client to determine his appellate wishes under circumstances that would lead a rational defendant to seek appeal or when a defendant "reasonably demonstrated to his attorney that he was interested in appealing." *Poindexter*, 492 F.3d at 268. In assessing appeal rights in the context of guilty pleas, courts must consider whether the defendant received the sentence stipulated in the plea agreement and whether the plea agreement had a provision that either reserved or waived the right of appeal. *Id.* (citing *Flores-Ortega*, 528 U.S. at 480). The mere existence of a guilty plea reduces the scope of appealable issues and may also, under certain circumstances, "indicate that the defendant seeks an end to judicial proceedings." *Flores-Ortega*, 528 U.S. at 480.

Section 2255 of the United States Code allows for a evidentiary hearing unless the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255. In a habeas proceeding, a federal court must hold an evidentiary hearing when the petitioner alleges facts, which, if true, would entitle him to relief. *United States v. Sabbagh*, 98 F. Supp. 2d 680, 686 (D. Md. 2000) (citing *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992)). Where there is a colorable Sixth Amendment claim or where material facts are in dispute and there are inconsistencies "beyond the record," a hearing is required. *Id.* An affidavit alone, coupled with silence on the part of defense counsel, cannot "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Fourth Circuit has noted that "motions turning on only factual and credibility issues cannot be resolved solely on the basis of affidavits, but rather, in general, require an evidentiary hearing." *United States v. Murphy*, 2000 U.S. App. LEXIS 19955, at *2 (4th Cir. Aug. 14, 2000) (per curiam).

These principles have been considered and applied by this Court in two decisions involving right to appeal claims in § 2255 petitions. *See Phillpots v. United States*, No. 07-0122, 2010 U.S. Dist. LEXIS 22672, at *8 (D. Md. Mar. 11, 2010); *Greene v. United States*, No. 07-1065, 2009 U.S. Dist. LEXIS 6624, at *2 (D. Md. Jan. 28, 2009). In *Phillpots*, defense counsel submitted an affidavit stating that the petitioner never requested an appeal. The petitioner, on the other hand, failed to provide any opposing affidavits, leading this Court to determine that his claim with respect to an appeal was "entirely unsubstantiated" in the record. *Phillpots*, 2010 U.S. Dist. LEXIS 22672, at *9-10. A district court is not required to "conduct an evidentiary hearing each and every time a defendant alleges, in a § 2255 petition, that he instructed his attorney to file an appeal." An evidentiary hearing is warranted only where there is "some indicia of uncertainty in the record concerning the issue." *Id.* at *8. Because the petitioner could not point to any evidence relating to his alleged request to file an appeal, this Court declined to conduct an evidentiary hearing and denied his ineffective assistance of counsel claim.

However, in *Greene v. United States*, this Court granted an evidentiary hearing to evaluate a petitioner's denial of a right to appeal claim because there was ambiguity in the record that was recognized by both parties. *Greene*, 2009 U.S. Dist. LEXIS 6624, at *2. The government did not accept or deny the petitioner's argument that his counsel refused to file an appeal. The petitioner's former counsel informed the government that he would not affirm or deny the petitioner's claims against him until he was under oath at a hearing. *Id.* Additionally, the government expressly recognized that a hearing might be necessary to address whether the petitioner's former counsel refused to file an appeal. *Id.*

Unlike the *Phillpots* case, where the defendant put forth no affidavits demonstrating he requested an appeal, Bass has offered a personal affidavit. Bass alleges that this Court ordered

5

his attorney Brown to consult with him about an appeal, and that Brown "abandoned" him "despite court orders."[1] Bass Aff. ¶ 7. In his affidavit, Bass notes that he "specifically told Mr. Brown" that, with respect to his sentence, he "was being over-charged" and that such a statement demonstrates that he was interested in appealing. Bass Aff. ¶ 7. In the alternative, Brown notes that following Bass' guilty plea, he "conferred with [Bass] and instructed him to contact him regarding any other help he needed including, but not limited to, an appeal." Brown Aff. ¶ 5. He goes on to state that Bass "never asked [him] to file an appeal." Brown Aff. ¶ 6. However, it appears as though the entirety of the conversation between Bass and Brown occurred in the courtroom directly after sentencing. Accordingly, it appears as though Brown did not separately confer with his client after sentencing as this Court advised. *See supra* n.1. Therefore, his affidavit does not raise disputed issues of material fact, and does not necessitate a hearing. Because Bass' claim and supporting affidavits have not been adequately contested by the government, no issue of fact arises. Thus, Bass' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 must be granted with respect to his claim that defense counsel was ineffective for failing to consult with him about an appeal. *See Poindexter*, 492 F.3d at 268. This Court hereby vacates its original judgment and enters a new judgment from which Bass may then seek an appeal. *See United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). The remainder of Bass' claims are dismissed without prejudice, and Bass shall be permitted to file another habeas motion, if necessary, following the resolution of his direct appeal. *See United States v. Killian*, 22 Fed. Appx. 300, 301 (4th Cir. 2001). The Clerk of the Court is authorized to take necessary steps to enlist an attorney to represent Bass on his direct appeal.

---

[1] At sentencings, this Court does not order defense counsel to discuss the possibility of an appeal with their clients, but routinely *advises* counsel to do so. Despite Bass' characterizations, his attorney Brown did not defy a court order in this case.

6

## CONCLUSION

For the reasons states herein, petitioner Kenneth Bass' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is GRANTED IN PART as to the claim that defense counsel failed to consult with him about an appeal, and is DENIED without prejudice as to all of his other claims. The judgment in the criminal case, *United States v. Bass*, RDB-08-496, is hereby VACATED and the Clerk of the Court is instructed to prepare an amended Judgment in the criminal case with the same sentence and conditions that are contained in the original judgment, and the date of the imposition of judgment shall be the filing date of the accompanying Order. The Clerk is directed to facilitate the appointment of counsel to assist Bass with the pursuit of his direct appeal. A separate Order follows.

Dated:     January 31, 2012

/s/ _____
Richard D. Bennett
United States District Judge